FORTUNE FERGUSON, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

En Banc.

Opinion Filed June 27, 1925.

Petition for Rehearing Denied September 25, 1925.

1. Adjudging an accused, who has been found guilty of the crime of rape, to be guilty, and directing that he be electrocuted until he is dead, is sufficient, where the judgment is otherwise in substantial conformity with the statute under which it is imposed. Chap. 9169, Acts of 1923, Laws of Florida.

2. To electrocute means "to execute by electricity; to kill by electric shock." Webster's New International Dictionary.

3. Infliction of the death penalty by electrocution is not cruel, or unusual punishment in the sense of the constitutional inhibition. It only directs a different method from that formerly existing of inflicting the punishment for a capital offense.

A Writ of Error to the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*F. Y. Smith*, for Plaintiff in Error;

*Rivers Buford,* Attorney General, and *J. B. Gaines,* Assistant, for the State.

WEST, C. J.—The accused in this case is charged by indictment with the crime of rape. Upon a trial, being represented by counsel appointed by the court, he was found guilty as charged. The sentence is death by electrocution. There was no motion for new trial. The record contains no bill of exceptions.

Assignments of error which may be considered challenge the judgment as void upon the grounds, first, that it does not properly set forth the time, place and manner of execution, and second, it does not properly set forth the place of confinement of the defendant prior to the execution. The judgment, omitting formal parts, is as follows:

"Comes again the defendant in his own proper person attended by his counsel and being asked by the court if he had anything to say why the sentence of the law should not be passed upon him and saying nothing sufficient. The court adjudges you guilty.

"Thereupon, it is the judgment of the court and the sentence of the law that you, Fortune Ferguson, Jr., alias Jew Ferguson, for the crime for which you have been and stand convicted, be delivered by the sheriff of Alachua County to the proper officer of the State penitentiary of Florida and by him safely kept until such day and time as the Governor by his warrant may appoint, at which time by said warrant directed and within the walls of the permanent death chamber provided by law, you, Fortune Ferguson, Jr., alias Jew Ferguson, be by the proper officer of said penitentiary electrocuted until you be dead, and may God have mercy on your soul."

The judgment is in substantial conformity with the statute. Chap. 9169, Acts of 1923, Laws of Florida. By Sec-

tion 2 of this statute the method by which the penalty is to be inflicted is prescribed. Section 3 provides that the convicted person shall be delivered by the sheriff of the county to the superintendent of the State prison, at the place of execution, as soon as may be after receipt of the death warrant from the Governor. Whereas, the sentence in this case directs delivery of the defendant to the proper officer of the State penitentiary of Florida and by him safely kept until such day or time as the Governor by his warrant may appoint, at which time the penalty of death shall be inflicted. This is not a material deviation in the sentence from the statute. It deals only with the custody of the defendant and places him in charge of the officer at the State prison before, instead of after, the issuance of the death warrant by the Governor.

With respect to the execution, the sentence complies with every requirement of the statute. To electrocute means "to execute by electricity; to kill by electric shock." Webster's New International Dictionary. There is no suggestion that the method to be employed in inflicting the death penalty is different from that prescribed by the statute. Infliction of the death penalty by electrocution is not cruel or unusual punishment in the sense of the Constitutional inhibition. People ex rel. Kemmler v. Durston, 119 N. Y. 569, 24 N. E. Rep. 6; In re Kemmler, 136 U. S. 436; In re Storti, 178 Mass. 549, 60 N. E. Rep. 210; State v. Tomasi, 75 N. J. L. 739, 69 Atl. 214.

The only other question that can be considered on this record is whether there was error in the omission of the trial judge to instruct the jury that a majority of their number could recommend the defendant to mercy, which recommendation would have the effect of reducing the penalty from death to life imprisonment. Sec. 6096, Rev. Gen. Stat.

This court has held that the mere failure of the trial court to charge the jury that the statute authorizes a majority of the jury in capital cases to recommend the accused to the mercy of the court, is not error. Washington v. State, 86 Fla. 519, 98 South. Rep. 603; Webster v. State, 47 Fla. 108, 36 South. Rep. 584; Milton v. State, 40 Fla. 251, 24 South. Rep. 60. In each of these cases the charge was murder in the first degree, the punishment of which was death. The penalty for the offense with which the defendant in this case was on trail is death or imprisonment in the State prison for life. Sec. 5051, Rev. Gen. Stats. So that, even without a recommendation by the jury, it was in the court's discretion to sentence the defendant to life imprisonment. Clearly, therefore, there was no error in omitting to charge the jury in accordance with the statute referred to.

No error having been made to appear, the judgment is affirmed.

Affirmed.

WHITFIELD, TERRELL AND STRUM, J. J., concur.