Chief Judge Desmond.
Petitioner, after having been employed by respondent Transit Authority and its predecessor for more than 20 years as a station agent or ticket seller, was found guilty after a trial before the Authority on three of five charges. The specifications on which petitioner was convicted accused her of collecting fares from passengers and then directing such passengers to enter onto the station platform by using an exit gate .without causing their fares to be registered by the “ passimeter totalizer ” or turnstile. Two of these specifications charged further that petitioner failed to report these incidents and retained for her own use the fares collected from those passengers who had used the exit gate instead of the turnstile. After a hearing, at which petitioner was represented by counsel and testified on her own behalf, the hearing officer sustained the charges and recommended to the Authority that petitioner be dismissed. The Authority dismissed her from her position and she brought this proceeding which was transferred to the Appellate Division, Second Department.
The Appellate Division, by a vote of 3 to 2, confirmed the "determination of guilt but modified the Authority’s determination by reducing the punishment from dismissal to suspension for six months from November 13, 1958, that being the date *41 on which the hearing was held and being a few days before the dismissal. Two of the Justices dissented but their disagreement was not with the confirmation of the determination of guilt but with the modification of the penalty. In other words, the two dissenters thought that the dismissal should be confirmed. Petitioner and the Authority appeal to this court. Petitioner argues that there was insufficient competent evidence to sustain the findings of guilt. ' The Authority argues that the penalty of dismissal imposed by the Authority was not excessive and should not have been reduced and, further, that under subdivision 5-a of section 1296 of the Civil Practice Act the Appellate Division, having held that the discipline imposed by the Authority was excessive, could not fix a new penalty but could do no more than remit to the Authority for imposition of lesser punishment. That question of power has not previously been passed on by this court. The Authority argues, also, that the only penalties legally available (Civil Service Law, § 75, subd. 3) in such a case are these: reprimand, fine not to exceed $100, suspension for not more than two months, demotion in grade or title, or dismissal.
We have examined the evidence and hold that it is sufficient to support the findings of guilt.
More difficult questions arise from the Appellate Division’s reduction of the sanction from dismissal to a six-month suspension. The Appellate Division made a finding that “ under all the circumstances the punishment imposed was excessive ”, citing subdivision 5-a of section 1296 of the Civil Practice Act (supra). Subdivision 5-a was added in 1955 to overrule the holdings (see Matter of Barsky v. Board of Regents, 305 N. Y. 89) that no judicial review was available as to the measure of punishment imposed by administrative bodies acting within their powers. The 1955 amendment accomplished this by listing an additional issue to be passed on by the courts: ‘ ‘ Whether the respondent abused his discretion in imposing the measure of punishment or penalty or discipline involved in the determination.” The Authority argues earnestly that it was an abuse of discretion in this case for the Appellate Division to change this discipline and to hold that dismissal was excessive punishment. The Authority cites Matter of Stolz v. Board of Regents (4 A D 2d 361) where the Appellate Division, Third *42 Department, said (p. 364) that subdivision 5-a authorises action by the court “ only if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness ” -—in other words, the old “arbitrary or capricious” test in other language. This argument by the Authority is a little hard to answer. The hearing officer and the Authority, rejecting petitioner’s version, reasonably drew the inference from the testimony that petitioner stole these fares. On such a finding, dismissal would seem not to be a shocking penalty even though the amounts stolen were small. However, this woman had oyer 20 years of service with a good record and would lose many valuable rights if dismissed. With some hesitation we conclude that the Appellate Division’s reduction of this penalty was authorised by subdivision 5-a.
At this point we come to another question, a new one in this court: Does subdivision 5-a authorise a fixing by the court of a new lower penalty or must the court, finding the administrative penalty excessive, remit the case to the administrative body to fix a new punishment? We find no other reported case where the reviewing court itself fixed a lesser penalty although there are many where courts have sent such matters hack to administrative boards to fix new penalties. No definite indication is discovered as to the legislative intent in this respect but some of the material in the New York State Legislative Annual (1955, pp. 32-35) suggests that subdivision 5-a was intended to give the court, in the course of its judicial inquiry a¡s to abuse of discretion, complete power over the whole subject matter. We hold that the power exists. Otherwise, in a case like the present one, the Appellate Division, if it felt that a six-month suspension was ail that could reasonably he imposed, would have to send the ease back to the Authority to fix a penalty no greater than that. Such circumlocution should be avoided. In appropriate cases, which will probably be few, the reviewing court can order a lesser discipline, much as it does in criminal cases (Code Grim. Pro., § 543).
There is one more problem in the case. The Authority says that in any event a six-month suspension was Illegal under subdivision 3 of section 75 of the Oivil Service Law (supra). That statute says that when a civil service employee is found guilty *43 of charges “ the penalty or punishment may consist of a reprimand, a fine not to exceed one hundred dollars to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding two months, demotion in grade and title, or dismissal from the service ’ \ However, under the circumstances of this ease and in the light of subdivision 5-a of section 1296 of the Civil Practice Act {supra), we hold that the six-month period as fixed by the Appellate Division was not illegal.
The order should be affirmed, without costs.