132 So.2d 156 (1961)
STATE of Florida, Petitioner,
v.
Adonis ROBINSON, Respondent.
No. 40027.
Supreme Court of Florida.
July 12, 1961.
Richard W. Ervin, Atty. Gen., and Edward S. Jaffry, Asst. Atty. Gen., for petitioner.
Thomas V. Kiernan, St. Petersburg, for respondent.
DREW, Justice.
The State seeks review of a decision of the District Court of Appeal, Second District,[1] under the authority of Article V, Section 4, of the Constitution of the State of Florida, F.S.A., providing that this Court may review by certiorari any decision of a district court of appeal which affects a class of constitutional or state officers. We hold the subject decision of the District Court *157 falls in the designated category affecting as it did the jurisdiction and duties of all justices of the peace of this state and that we have jurisdiction in this cause.
We have carefully examined the decision of the District Court of Appeal and we are of the view that the decision, with two exceptions which we shall discuss, is correct and should be approved.
Reference is made in the decision to Section 37.22, Florida Statutes 1959, F.S.A. and to Florida Appellate Rule 2.1, subd. a (4) (i), 31 F.S.A.
The inclusion of justices of the peace within the purview of the rule as presently in effect was improvident for the reason that, under the Constitution of this State,[2] there is but one justice of the peace for each justice of the peace court. This is not necessarily true as to other courts of this state or to the other courts referred to in the rule. For instance, there may be more than one judge of a small claims court, a juvenile court or a traffic court. The purpose of the first sentence of the rule was to provide that, in those courts having more than one judge, any judge available and qualified to act was authorized to do so without designation by the chief justice of this Court. The use of the words "justice of the peace" therefore in this connection was obviously erroneous and should be treated as surplusage.
It has been the uniform policy of this Court, since the effective date of present Article V of the Constitution, in all cases where a justice of the peace was unable to act because of absence, sickness, disqualification or other disability to designate some other justice of the peace or other qualified judge to act for him pursuant to the provisions of Article V, Section 2, of the Florida Constitution which authorizes the Chief Justice of this Court, in accordance with its rules, to assign "judges of other courts, except municipal courts, to judicial service in any court of the same or lesser jurisdiction." In order, however, to clear up this ambiguity in the rules and to clarify the question, the Court has simultaneously with the adoption of this opinion amended the aforesaid rule to read as follows, to wit:
"(i) When the judge of any small claims court, juvenile court or traffic court is unable to perform the duties of his office because of absence, sickness, disqualification or other cause or when necessary for the prompt dispatch of the business of said court, the said judge or the clerk of said court shall advise the Chief Justice who may assign any judge (except Supreme Court Justices, District Court judges or circuit judges) of any other court of the same or greater jurisdiction to perform the duties of said judge for such time as the Chief Justice may direct; provided, however, that if there be more than one judge of a small claims court, juvenile court or traffic court available and qualified, he shall perform the duties of the disabled or disqualified judge.
"Nothing herein contained shall be deemed to affect any provision of the statutes in this state in effect on July 1, 1957 which in event of disqualification, absence, sickness or disability of the judge of a separate juvenile court or *158 a county judge who is also judge of juvenile court in his county, authorize the substitution of county judges and circuit judges for judges of separate juvenile courts, and the substitution of circuit judges for county judges in those counties where there is no separate juvenile court and the county judge is the juvenile court judge.
"When any justice of the peace of this state is unable to perform the duties of his office because of absence, sickness, disqualification or other cause or when necessary for the prompt dispatch of business of said court, the said justice of the peace or his clerk, if he shall have such, shall advise the Chief Justice who may assign any other justice of the peace or any judge (except Supreme Court Justices, District Court of Appeal judges or circuit judges) of any other court of this state having the same or greater jurisdiction to perform the duties of said justice of the peace for such time as the Chief Justice may direct."
In view of the foregoing, that portion of the decision of the District Court, holding that the subject rule as it existed at the time said decision was written did not authorize the justice of the peace in that case to issue the search warrant there involved and that Section 933.01, Florida Statutes 1959, F.S.A., was controlling, is correct when applied to the factual situation in this case as the same appears in the District Court decision.
We deem it also pertinent to point out that Section 37.22, Florida Statutes 1959, F.S.A., quoted on page 716 of 124 So.2d is no longer effective in the absence of an order of this Court designating such substituted judge, justice of the peace or county judge to act for such absent, disabled or disqualified justice of the peace. Such statute is a procedural one conflicting with the rules of this Court adopted pursuant to the Constitution[3] and is, therefore, no longer effective.
The decision of the District Court is hereby modified to the extent set forth in this opinion; in all other respects said decision is hereby approved and confirmed and the writ of certiorari heretofore issued in said cause is to such extent hereby dismissed.
ROBERTS, C.J., and TERRELL, HOBSON, and O'CONNELL, JJ., concur.
THOMAS and THORNAL, JJ., dissent.
THORNAL, Justice (dissenting).
I dissent on the ground that I have the view that this case merely involved the improper exercise of power by a justice of the peace in Pinellas County. If we can take jurisdiction here we could conceivably do so in every case in which any judge exceeds the limits of its power. I do not think the Constitution contemplates such a broad interpretation of the provision here involved. With respect for the views of the majority I am bound to dissent.
THOMAS, J., concurs.
NOTES
[1] Robinson v. State, Fla.App. 1960, 124 So.2d 714.
[2] "(1) Districts and presiding officer.

"There shall be not more than five justice districts in each county, and there shall be elected one justice of the peace for each justice district, who shall hold office for four years. Existing justice districts are hereby recognized, but the legislature may, by special act, from time to time change the boundaries of any such district now or hereafter established, and may establish new or abolish any such district now or hereafter existing. Provided, however, that any such changes shall be submitted to the people of any county so affected, by referendum at the next ensuing general election." Article V, Section 11(1), Constitution of the State of Florida.
[3] "§ 3. Practice and procedure.  The practice and procedure in all courts shall be governed by rules adopted by the supreme court."