**UNITED STATES of America ex rel. Herman RUCKER**

v.

**David N. MYERS, Warden of State Correctional Institution at Graterford, Pennsylvania.**

Misc. No. 2337.

United States District Court
E. D. Pennsylvania.

Dec. 20, 1961.

Louis Lipschitz, Philadelphia, Pa., for petitioner.

William H. Wolf, Jr., Asst. Dist. Atty., Arlen Specter, Asst. Dist. Atty., Chief, Appeals Div., Paul M. Chalfin, First Asst. Dist. Atty., James C. Crumlish, Jr., Dist. Atty., Philadelphia, Pa., for respondent.

WOOD, District Judge.

This petition for a writ of habeas corpus presents a single, clear-cut question of constitutional law: Does *prior* Pennsylvania practice, which permitted the jury in a murder case to consider evidence of the defendant's past criminal convictions under instructions by the Court that such evidence was to be used *only* in recommending mercy or death, violate the Due Process Clause of the Fourteenth Amendment?

The history of this case is set forth in the petitioner's brief as follows:

Rucker was convicted of first-degree murder and sentenced to death. He moved for a new trial, charging that he was deprived of his liberty without due process of law in violation of the Fourteenth Amendment to the Constitution of the United States because evidence was introduced at the trial of his past criminal convictions and was received by the jury prior to its determination of his guilt. Objection was made to the introduction of this evidence. On appeal from the conviction, the Supreme Court of

Pennsylvania affirmed. Commonwealth v. Rucker, 403 Pa. 262, 168 A.2d 732. A writ of certiorari to the United States Supreme Court was denied, 82 S.Ct. 91.[1] Rucker has filed the present petition for writ of habeas corpus alleging that the introduction into evidence of his past criminal record violated the Due Process Clause because the jury in fact does not, and is not really able to, segregate in their minds such evidence and apply it solely to the question of the penalty to be imposed.

The question presented is not one of first impression. On the contrary, the Supreme Court of Pennsylvania has consistently approved the practice of allowing the jury to receive evidence of past convictions before returning its verdict of guilt or innocence, provided that the jury is properly cautioned as to relevance and use of such evidence. The respondent has cited the recent case of Commonwealth v. Thompson, 389 Pa. 382, 133 A.2d 207 (1957), in which the Court said:

> "For almost three decades in Pennsylvania it has been a well established and recognized rule of law that evidence of prior offenses committed by the defendant, whether proven by records of prior convictions, by written or oral statements made by the defendant or elicited upon cross-examination of the defendant, is admissible in a homicide trial. The admissibility of such evidence is not for the purpose of enabling the jury to consider evidence in determining the guilt or the innocence of the defendant, but *solely* for the purpose of enabling the jury, *after* a defendant has been found guilty of murder in the first degree, to decide what penalty should be imposed on the defendant. Being admissible *solely* to aid the jury in its determination of the penalty to be imposed and whether the defendant is entitled to mercy, its limitation of use must be *carefully* and *specifically* emphasized by the trial judge in his instructions to the jury (citing cases)." [At p. 399, 133 A. 2d at p. 216.]

Moreover, the United States Court of Appeals for the Third Circuit has held in the case of U. S. ex rel. Thompson v. Price, 3 Cir., 258 F.2d 918 (1958), that the admission into evidence of defendant's criminal record prior to conviction did not violate the requirements of fundamental fairness imposed by the Due Process Clause.

Petitioner points to the separate opinion of Judge Hastie in the Price case, supra, in which he concurred in the result "only because the record of the defendant's prior conviction * * * was introduced in evidence without objection * * *." [At p. 922] Subsequent to the initial decision of the Court in Price, supra, a petition for rehearing was filed before Biggs, Chief Judge, and Maris, Goodrich, McLaughlin, Staley and Hastie, Circuit Judges. It was denied on September 29, 1958.

Chief Judge Biggs, in dissenting, stated that:

> "The impropriety of the Pennsylvania practice demonstrated by the circumstances of this case is so gross and results in such fundamental unfairness as to constitute a denial of due process of law * * *." [p. 923]

He was joined in his dissent by Judge McLaughlin.

In spite of the difference in viewpoints among some judges of the Circuit Court of Appeals for the Third Circuit, as manifested by the proceedings in the Price case, the decision in Price remains as the controlling statement of the law insofar as we are concerned. While we do not approve of the prior Pennsylvania practice, the United States Court of Appeals for the Third Circuit has held that practice not to have been a violation of Due Process. We are bound by that holding. The writ will be denied.

1. Mr. Justice Douglas was of the opinion that certiorari should have been granted.