PER CURIAM.
The appellant, William Benjamin Craig, was tried and found guilty of the offense of rape without recommendation of mercy and has appealed direct to this court on the judgment of conviction.
*748 On this appeal, the appellant urges the following points:
1. The trial court improperly admitted in evidence State’s Exhibit No. 13 (Screwdriver) .
2. That the evidence adduced by the State was not sufficient to sustain the verdict of guilty.
Neither of these contentions has merit.
Prior to the introduction into evidence of State’s Exhibit No. 13, the victim positively identified Exhibit No. 13 as the weapon employed by appellant and further testimony of other witnesses completed the chain sufficiently for the learned trial judge to admit said exhibit into evidence.
Although appellant did not argue the sufficiency of the evidence before this court, we have examined the evidence to determine whether the ends of justice require a new trial as required by Section 924.32, Florida Statutes, F.S.A.
The facts established by the evidence in the record disclose that on May 10, 1963, the victim and prosecutrix was at her home at about 1:15 or 1:30 P.M., alone and dressed in shorts and shirt. Someone knocked at her door and when she opened the door, a man pushed in, closed the door and threatened the prosecutrix with a weapon she described as a screwdriver.
The intruder also told the prosecutrix that if she made an outcry or attempted to escape that he would harm her young daughter who was playing in the vicinity of the home on a vacant lot. After making a demand for money, the intruder forced the victim into her bedroom where he removed her shorts and had intercourse with her. Subsequent to the act of intercourse, the victim managed to escape from the intruder, jumped out the bathroom window, and ran to the Florida State Highway Patrol station, located nearby, and reported the forcible rape. The victim positively identified the appellant, William Benjamin Craig, as the intruder and perpetrator of this foul crime.
Further evidence discloses that the appellant left the victim’s residence and went to the residence of one Martha Kmg where he sat on the porch and talked briefly and then went inside the house and took a nap on the settee. Later that day, a screwdriver was found near the settee which was identified by the victim as appearing to be the screwdriver or a similar screwdriver to-the one used by the appellant. Further testimony disclosed that the screwdriver which was introduced as State’s Exhibit No. 13, did not belong in the home of Martha King. Later, on the same afternoon, one of the investigating law enforcement officers found a wallet near the home of Martha King, which was identified as belonging to the victim, and which, according to her testimony had been taken by the appellant.
The court heard, out of the presence of the jury, extensive testimony concerning the circumstances surrounding the taking of the confession of the appellant, which said confession was later admitted in evidence and submitted to the jury for consideration. Appellant’s confession, which was apparently found to be voluntary by both the trial judge and the jury, tracks almost exactly the testimony of the prose-cutrix with the exception of the description of the weapon employed by the appellant.
Having reached the conclusion that neither of the appellant’s points on appeal can find support in either law or in the record and finding as we do that the evidence is sufficient to support the verdict and judgment and that the interests of justice do not require a new trial, the judgment hereby reviewed should be and is hereby affirmed.
DREW, C. J., THOMAS, ROBERTS, THORNAL, O’CONNELL and CALDWELL, JJ., and SMITH, Circuit Judge,, concur.