179 So.2d 202 (1965)
William Benjamin CRAIG, Appellant,
v.
STATE of Florida, Appellee.
No. 34101.
Supreme Court of Florida.
October 13, 1965.
*203 Howard W. Dixon, Tobias Simon, Maurice Rosen, Miami, Jack Greenberg and Leroy D. Clark, New York City, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
The appellant Craig was convicted of the crime of rape and sentenced to pay the supreme penalty. The conviction was affirmed on direct appeal. Craig v. State, Fla., 168 So.2d 747.
Craig filed in the trial court a "Motion for reduction of sentence from death to life." Allegedly, he moved under Section 921.24, Florida Statutes, F.S.A., which authorizes the correction of an illegal sentence in a criminal case. By his motion, the appellant contended that:
(a) Sec. 794.01, Fla. Stat., F.S.A., which imposes the death sentence for the crime of rape, is violative of the constitutional prohibition of cruel and unusual punishment prescribed by the Eighth Amendment, Constitution of the United States.
(b) Sec. 794.01, supra, is patently unconstitutional because it requires the trial jury simultaneously to determine both guilt or innocence and the penalty.
(c) Sec. 794.01 is unconstitutional as applied to appellant. It is alleged that statistics reveal a pattern of discrimination against negroes in the imposition of the death sentence. Craig is a negro.
The Circuit Judge denied the Motion and expressly upheld the validity of Section 794.01, supra, against all attacks leveled at it. Craig appeals.
We have considered the Motion as a collateral, post conviction assault on a judgment of conviction within the scope of our Criminal Procedure Rule No. 1, F.S.A. ch. 924 Appendix. Regardless of the title of the document, its purpose is to attack the judgment on constitutional grounds. We, therefore, treat appellant's Motion as if it were filed under Rule 1, supra.
We take jurisdiction because the trial judge passed directly on the validity of Section 794.01, supra. Article V, Section 4(2), Florida Constitution, F.S.A. We do not construe the instant judgment as one imposing the death penalty. That was done by the original judgment of conviction which was assaulted by the post conviction Motion. The judgment here was final because the Circuit Judge had fully completed his judicial labor. We regard it as appealable just as any other Rule 1 order is appealable. We have held that such orders will be reviewed by this Court, or an *204 appropriate District Court, depending upon the content of the order. Roy v. Wainwright, Fla., 151 So.2d 825. Where, as here, such an order passes directly on the validity of a state statute it comes directly to the Supreme Court from the trial court. We have said that the procedure is the same as in habeas corpus. Mitchell v. Wainwright, Fla., 155 So.2d 868. When the order does not bring the case within our appellate jurisdiction, it should go to the proper District Court.
On the merits we find that the Circuit Judge ruled correctly in sustaining the validity of the statute against the attack made upon it.
The judgment is affirmed.
THORNAL, C.J., and ROBERTS, DREW, O'CONNELL and CALDWELL, JJ., concur.
THOMAS, J., dissents.
ERVIN, J., dissents with opinion.
ERVIN, Justice (dissenting).
Appellant was convicted in the Circuit Court of Leon County, Florida, of rape of a female over the age of ten years and sentenced to death pursuant to F.S. § 794.01, F.S.A., such sentence being mandatory there being no recommendation of mercy by the jury.
He appealed his conviction to this Court and the judgment of conviction was affirmed. See Craig v. State, Fla., 168 So.2d 747.
This is a second appeal to this Court. In this appeal it appears the Appellant, as defendant, filed motion for reduction of sentence from death to life imprisonment or less with the Circuit Court of Leon County, pursuant to F.S. § 921.24, F.S.A., which provides a trial court at any time may correct an illegal sentence. The motion was denied by the Circuit Court. In its denial the Circuit Court upheld the constitutionality of F.S. § 794.01, F.S.A. It follows our jurisdiction is properly invoked by the Appeal under Section 4(2), Article V, State Constitution.
Appellant, a member of the Negro race, urges reversal and assigns four reasons as follows:
No. 1. Imposition of the death penalty on Craig pursuant to Florida's practice of racial discrimination in capital punishment for rape denies him the equal protection of the laws guaranteed by the Fourteenth Amendment.
No. 2. Florida's grant to juries and the Pardon Board of unlimited, undirected and unreviewable discretion in the imposition of the death penalty for rape violates the due process clause of the Fourteenth Amendment.
No. 3. Florida's single verdict procedure allowing the jury which determines guilt to fix capital punishment for rape violates the due process clause of the Fourteenth Amendment.
No. 4. Florida's imposition of the death sentence for rape where no life was taken and without consideration of the aggravating or mitigating circumstances of the particular offense subjects Appellant to cruel and unusual punishment in violation of the Eighth Amendment as incorporated in the Fourteenth Amendment.
By motion supported by affidavit, Appellant brought to the attention of the trial court the following statistical data which was not contradicted by the State:
"6. In the 25-year period between January 1, 1940, and December 31, 1964, inclusive of the case at bar, 285 persons *205 have been convicted of the crime of rape in the State of Florida. Of these, 152 have been Negroes, 132 have been White, and one was an Indian. Nevertheless, only 6 Whites and 48 Negroes have been sentenced to death; of these, only 1 White man has died, while 29 Negroes have been electrocuted and 12 more await execution in Death Row at Florida State Penitentiary at Raiford. * * *"
Based on this data, Appellant contends under Reason No. 1 that F.S. § 794.01, F.S.A., which reads as follows:
"Rape and forcible carnal knowledge; penalty.  Whoever ravishes and carnally knows a female of the age of ten years or more, by force and against her will, or unlawfully or carnally knows and abuses a female child under the age of ten years, shall be punished by death, unless a majority of the jury in their verdict recommend mercy, in which event punishment shall be by imprisonment in the state prison for life, or for any term of years within the discretion of the judge. It shall not be necessary to prove the actual emission of seed, but the crime shall be deemed complete upon proof of penetration only.",
is unconstitutional because juries in the State of Florida have systematically applied this statute mainly against members of the Negro race. He argues the statute violates the equal protection clause of the Federal Constitution because the history and statistics of its application by juries in the state disclose the infliction of death sentences in rape cases has been much greater upon Negroes than upon white persons. He cites in support of this contention Brown v. Board of Education, 347 U.S. 483, 74 S.Ct. 686, 98 L.Ed. 873 (1954); Watson v. City of Memphis, 373 U.S. 526, 83 S.Ct. 1314, 10 L.Ed.2d 529 (1963); Yick Wo v. Hopkins, 118 U.S. 356, 6 S.Ct. 1064, 30 L.Ed. 220 (1886); Tigner v. State of Texas, 310 U.S. 141, 60 S.Ct. 879, 84 L.Ed. 1124 (1940); Fowler v. State of Rhode Island, 345 U.S. 67, 73 S.Ct. 526, 97 L.Ed. 828 (1953); Hamilton v. Alabama, 376 U.S. 650, 84 S.Ct. 982, 11 L.Ed.2d 979 (1964); Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); Snowden v. Hughes, 321 U.S. 1, 64 S.Ct. 397, 88 L.Ed. 497 (1944); Arnold v. North Carolina, 376 U.S. 773, 84 S.Ct. 1032, 12 L.Ed.2d 77 (1964); People v. Harris, 182 Cal. App.2d Supp. 837, 5 Cal. Rptr. 852; Shelley v. Kraemer, 334 U.S. 1, 68 S.Ct. 836, 92 L.Ed. 1161 (1948); Lombard v. State of Louisiana, 373 U.S. 267, 83 S.Ct. 1122, 10 L.Ed.2d 338 (1963); Strauder v. State of West Virginia, 100 U.S. 303, 25 L.Ed. 664 (1880); Eubanks v. State of Louisiana, 356 U.S. 584, 78 S.Ct. 970, 2 L.Ed.2d 991 (1958); Hernandez v. State of Texas, 347 U.S. 475, 74 S.Ct. 667, 98 L.Ed. 866 (1954); McLaughlin v. State of Florida, 379 U.S. 184, 85 S.Ct. 283, 13 L.Ed.2d 222 (1964); Swain v. State of Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965); Oyama v. State of California, 332 U.S. 633, 92 L.Ed. 249 (1948); Gomillion v. Lightfoot, 364 U.S. 339, 81 S.Ct. 125, 5 L.Ed.2d 110 (1960).
In support of reason No. 2, Appellant contends that the authority given to juries to make recommendations of mercy as to death sentences for rape, amounts to an unlimited, undirected and unreviewable discretion violation of due process of law. The Appellant contends no standards are prescribed for the exercise of this authority and that the same is exercised arbitrarily and irrationally by juries. He cites in support Herndon v. Lowry, 301 U.S. 242, 263, 57 S.Ct. 732, 81 L.Ed. 1066 (1937); Smith v. Cahoon, 283 U.S. 553, 51 S.Ct. 582, 75 L.Ed. 1264 (1931); Lovell v. City of Griffin, 303 U.S. 444, 58 S.Ct. 666, 82 L.Ed. 949 (1938); Joseph Burstyn, Inc. v. Wilson, 343 U.S. 495, 505, 72 S.Ct. 777, 96 L.Ed. 1098 (1952).
As to reason No. 3, Appellant contends the single verdict phase procedure now followed in our state authorizing juries which *206 determine guilt simultaneously to fix capital punishment for rape violates due process of law in that this procedure tends to deny a defendant a fair trial. Appellant calls attention that pursuant to Florida procedure a jury ordinarily makes its life-death choice simply on the evidence presented on the issue of guilt, while modern concepts individualizing punishment have made it all the more essential that a sentencing judge or jury not be denied a separate opportunity to receive pertinent information, including reports from probation and parole authorities relative the degree of punishment, unrestrained by rigid adherence to restrictive rules of evidence properly applicable to the trial of the issue of guilt; and that it is an imperative condition of rational sentencing choice that the sentencer consider more information about the individual defendant than is likely to be forthcoming on the trial of the guilt issue. In Davis v. State (Fla.), 123 So.2d 703, in headnotes 9-11 this Court apparently agrees to the modern concept of individualized punishment.
Appellant also points out that if a defendant seeks to present to the jury pertinent background evidence to inform its sentencing choice, Florida procedure permits the prosecution to counter with evidence of defendant's bad character, including evidence of unrelated crimes, citing F.S. § 921.13, F.S.A.; Williams v. State, 110 So.2d 654, 661 (Fla. 1959); Davis v. State, 123 So.2d 703 (Fla. 1960); Whitney v. Cochran, 152 So.2d 727 (Fla. 1963); Nations v. State, 145 So.2d 259 (DCA2nd 1962). Appellant contends that the possibility that background information may be strongly prejudicial as to issue of his guilt forces a defendant to a "choice between a method which threatens the fairness of the trial of guilt or innocence and one which detracts from the rationality of the determination of the sentence."
Appellant contends the two stage procedure now employed in a number of states and in military courts martial should be judicially adopted in Florida to insure due process and avoid effects prejudicial to a fair trial.
Appellant refers to the fact that a defendant usually has the right of allocution; that is, the right to express without restraint to his sentencer why judgment or sentence should not be meted out to him but he contends this right under present Florida procedure in rape cases is not freely given to him without possible jeopardy, to be heard by the jury on the question of punishment. Appellant also points out that under existing procedure if the defendant in a rape case takes the stand he is subject to incriminating cross examination even though he limits his statement to the issue of a mercy recommendation.
Concerning reason No. 4 Appellant contends that a death sentence in a rape case without due consideration of aggravating or mitigating circumstances subjects a defendant to cruel and unusual punishment, and such a sentence is inherently cruel and unusual under modern concepts, citing dissenting opinion in Rudolph v. Alabama, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 119 (1963); he also cites Weems v. United States, 217 U.S. 349, 30 S.Ct. 544, 54 L.Ed. 793 (1910), and Trop v. Dulles, 356 U.S. 86, 78 S.Ct. 590, 2 L.Ed.2d 630 (1958). In this portion of his argument Appellant recurs to the statistical disproportion of death sentences meted Negro males compared to those imposed upon white males in rape cases, contending this disparity amounts to cruel and unusual punishment for one class of citizens not visited upon other citizens.
The constitutionality vel non of F.S. § 794.01, F.S.A., is sustained by the overwhelming weight of authority.
Sentence within statutory limits, no matter how harsh and severe, is not cruel and unusual punishment within the constitutional provision; 9 Fla.Jur., Criminal Law, *207 § 269, p. 302, citing Brown v. State (1943), 152 Fla. 853, 23 So.2d 458.
"Punishment of death is not in violation of the constitutional prohibition of cruel and unusual punishment unless it is so inflicted that it involves lingering death, torture, or such practices as disgraced the civilization of former ages." 9 Fla.Jur., Criminal Law, § 271, p. 304. See also, 30 A.L.R. 1452; Ferguson v. State (1925), 90 Fla. 105, 105 So. 840, cert. denied 273 U.S. 663, 47 S.Ct. 454, 71 L.Ed. 828.
"The punishment for both forcible and statutory rape is death, unless a majority of the jury in their verdict recommend mercy, in which event the punishment is imprisonment for life, or for any term of years within the discretion of the judge. The controlling statute is not unconstitutional on its face as being violative of defendant's rights under the Fourteenth Amendment to the Constitution of the United States." 27 Fla.Jur. 581, Rape and Related Offenses, § 47.
The power to define what acts shall constitute criminal offenses and what penalties shall be inflicted on offenders is legislative and not judicial. 14 Am.Jur. 766, 767; 15 Am.Jur., paragraphs 507 to 510, inclusive.
The wisdom or policy of F.S. § 794.01, F.S.A., lies within the province of the Legislature and beyond the concern of the judiciary. Furthermore, it is our traditional duty to uphold the constitutionality of the statute if it is at all possible to do so and resolve all doubts in its favor.
Although a statute may be constitutional upon its face, in a proper case an unconstitutional application of it will be stricken. Ex parte Wise, 141 Fla. 222, 192 So. 872 (1940), and Dutton Phosphate Co. v. Priest (1914), 67 Fla. 370, 65 So. 282.
It is my view that F.S. § 794.01, F.S.A., has been unconstitutionally applied to the extent hereinafter indicated. I agree with Appellant a two-stage procedure is necessary to give the statute constitutional operation. See Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964).
There should be a separation of the jury's determination of the issue of guilt of the defendant and the issue concerning the recommendation of mercy in a rape case if a defendant demands it prior to the time the jury retires to determine the issue of guilt or if the trial court on its own motion directs such separation. If the defendant is found guilty of rape, then should follow the determination of whether capital punishment is to be imposed and the jury should decide the issue of whether a recommendation of mercy is to be made by a separate consideration. See: United States ex rel. Scoleri v. Banmiller, 3 Cir., 310 F.2d 720, and United States ex rel. Rucker v. Myers, 200 F. Supp. 557.
It does not require new legislation to inaugurate the two-stage procedure. F.S. Section 794.01, F.S.A., should be read in connection with F.S. § 919.23, F.S.A., relating to verdicts generally in criminal cases. Section 919.23 reads:
"(1) In all criminal trials, the jury, in addition to a verdict of guilty of any offense, may recommend the accused to the mercy of the court or to executive clemency, and such recommendation shall not qualify the verdict except in capital cases. In all cases the court shall award the sentence and shall fix the punishment or penalty prescribed by law.
"(2) Whoever is convicted of a capital offense and recommended to the mercy of the court by a majority of the jury in their verdict, shall be sentenced to imprisonment for life; or if found by the judge of the court, where there is no jury, to be entitled to a recommendation to mercy, shall be sentenced to imprisonment for life, at the discretion of the court." (Emphasis supplied.)
*208 I do not consider the language, "in their verdict," appearing in F.S. §§ 794.01, F.S.A., or in F.S. § 919.23(2), F.S.A., is an absolute bar to a separate consideration by the jury of the issue of a mercy recommendation. The statutes require a unanimous vote for a guilty verdict in a rape case, but only a majority vote for a mercy recommendation. This indicates the law provides for separate consideration of the two issues. The two statutes read together do not preclude the jury from considering separately the issues of guilt and mercy recommendation and inserting its two findings "in their verdict." Under the two-stage procedure, after the trial of the issue of guilt, the jury would retire, make its finding, and then report to the court its first phase of its verdict that it had found the defendant guilty of rape. Thereupon it would hear the matter of the mercy recommendation, retire, make its finding thereon, and add to the verdict of guilty its finding upon the issue of the recommendation. This procedure is simple and uncomplicated.
Because of the gravity of rape cases no strained construction should be given the two statutes relating to verdicts in such cases which would technically deny a full, fair and separate hearing of these two important issues by the jury. The two issues are separate and distinct and require different quantum of jury votes. The division of the two issues at the trial is a matter of procedure, within the province of the judiciary to prescribe inasmuch as the Legislature in the two statutes has not conclusively prohibited separate consideration of them by the jury. Section 3 of Article V, State Constitution, authorizes the Supreme Court to promulgate the rules of practice and procedure in all courts. I think it lies within the power of this Court to prescribe the practice and procedure to be followed in rape trials. Bluesten v. Florida Real Estate Commission, 125 So.2d 567 (Fla. 1961); Jaworski v. City of Opa-Locka, 149 So.2d 33 (Fla. 1963); State v. Robinson, 132 So.2d 156 (Fla. 1961); and City of Miami v. Murphy, 137 So.2d 825 (Fla.).
But aside from the procedural aspects of this case, it is fundamentally necessary in order to insure a defendant due process and to guarantee him a fair trial of the two issues, guilt and recommendation of mercy, that there be separate consideration thereof by the jury.
The reasons assigned by Appellant and hereinbefore outlined appear to me to support the proposition that it is fundamentally essential to have a separate jury determination of the two issues in a rape trial.
In 15 Am.Jur., Criminal Law, § 519, the text on page 167 reads in part:
"§ 519 Hearing Evidence to Determine.  The rule is well settled that where the court must determine the punishment to be imposed, either on the finding of the jury or on a plea of guilty, it is correct practice to hear evidence, by affidavit or othewise, in aggravation or mitigation of punishment. * * *"
In 15 Am.Jur., Criminal Law, § 457, the text on page 114 reads in part:
"§ 457. Allocution.  While there are a few decisions which take the view that failure to ask a prisoner if he has any reaeson to give why sentence should not be passed is not reversible error even in capital cases unless it is apparent that the prisoner was or may have been injured by the omission, numerous decisions follow the common-law rule and hold that asking the defendant before sentence in capital cases if he has anything to say why sentence of death should not be pronounced against him is indispensably necessary. * * *" (Emphasis supplied)
See, also, United States v. Behrens, 375 U.S. 162, 84 S.Ct. 295, 11 L.Ed.2d 224, (5th headnote). Under our procedure in rape cases where a death sentence is mandatory if there is no recommendation of mercy by the jury, the allocutionary showing of the defendant must be to the jury if it is to have any value to the defendant.
*209 In trying the issue of a mercy recommendation, latitude should be accorded the defendant to bring to the jury's attention whatever evidence, information or other showing he reasonably believes is necessary to show why the death penalty should not be inflicted upon him inasmuch as this phase of the matter is allocutionary but with right on behalf of the state to cross examine and to give countervailing evidence, data and arguments to counteract the showing made by the defendant. The hearing on the issue would be similar in many respects to a state pardon board hearing on the issue of commutation or clemency where the strict rules of trial procedure are not followed. See article in Florida Bar Journal, Mar., 1964, entitled "Military Law," by Capt. Rex H. Conrad, p. 138, as to court martial procedure.
Inasmuch as the appellant did not have a jury's determination of the issue of a recommendation of mercy separate and distinct from his trial on the issue of guilt because our existing procedure did not permit him a two-stage jury consideration  and the thrust of his appeal is that he has been prejudiced as a result  I believe the sentence below should be vacated with direction that the trial court empanel a jury to consider as a distinct phase the question of whether or not a recommendation of mercy should be made in favor of the defendant.
I believe also that a trial judge has the power and duty to direct a new trial on the issue of a mercy recommendation for a defendant pursuant to F.S. Ch. 920, F.S.A., if he finds error was committed in the jury's trial of the issue concerning a recommendation of mercy in a rape case.
In addition, I would hold that an appeal should be allowed a defendant from a jury's refusal to recommend mercy in a rape case; that because of the requirements of due process (including the necessity of avoiding arbitrariness, unequal application and abuse of discretion) the appellate court should exercise the duty to review the finding of the jury on the issue of a mercy recommendation pursuant to F.S. § 59.34, F.S.A., which reads as follows:
"Judgment; duty of appellate court in its determination of causes.  The court, on an appeal, shall examine the record, and reverse or affirm the judgment, sentence or decree of the court below; give such judgment, sentence, or decree as the court below should have given; or otherwise as to it may appear according to law." (Emphasis supplied.)
Thereunder it would be the duty of the appellate court to give such sentence as to it would seem warranted under the evidence and data submitted to meet the ends of justice if it appeared the jury had abused its discretion or otherwise improperly or erroneously refused to recommend mercy.
Under the foregoing suggested judicial safeguards and procedures, I believe the constitutionality of F.S. § 794.01, F.S.A., in respect to its operation can be sustained as against the several attacks made upon it by Appellant. The unreviewability of a non-recommendation of mercy in a guilty verdict mandatorily requiring a death penalty admittedly gives me concern. Abuse of discretion by the jury, its bias and prejudice  if any  undue restraints upon the admission of evidence and of information in the allocutionary showing of a defendant before the jury as to why the death penalty should not be imposed upon him, or other harmful unfairness or unreasonableness amounting to a denial of due process of law in a jury's determination whether the death penalty should be imposed in a rape case, all should be reviewable by the trial judge and appellate courts. Procedures and judicial review as indicated would go far to remove the constitutional objections raised by Appellant to the existing application of the statute. Ordinarily so broad an application of F.S. § 59.34, F.S.A., is not permissible because the discretionary fixing of punishment within legislative limits at *210 the trial level is not subject to appellate modification. See Davis v. State (Fla.) 123 So.2d 703, first headnote. But in this instance we are considering the effect of a jury's determination affecting the extent of punishment to be imposed in a rape case which may, and often does include the mandatory death penalty. Under these circumstances and in view of the nature of the attack upon the statute, I conclude due process requires that a jury's determination not to recommend mercy, resulting in capital punishment, should be judicially reviewed and in such review the full and literal extent of the language of F.S. § 59.34, F.S.A., should be given unrestricted application.
It is interesting to note that in certain jurisdictions statutes similar to F.S. § 59.34, F.S.A., have been held to authorize appellate courts to exercise discretion in changing punishments meted out by lower tribunals. See 5 Am.Jur.2d, Appeal and Error, §§ 937 and 938. Also, Mitthauer v. Patterson, 8 N.Y.2d 37, 201 N.Y.S.2d 321, 167 N.E.2d 731 (1960). See Nowling v. State, 151 Fla. 584, 10 So.2d 130.
For the reasons set forth I believe the death sentence in the judgment of conviction below should be vacated with directions that the Circuit Court empanel a jury to retry the issue of a mercy recommendation only. If no recommendation of mercy is made, then the death sentence should be reinstated.
The procedure suggested is in accord with Appellant's motion in the trial court to reduce his death sentence pursuant to F.S. § 921.24, F.S.A., and appears to me to be the only legal method by which there might possibly be any reduction of his sentence under the particular circumstances and law of this case.