Commonwealth ex rel. Rucker, Appellant, *v.*
Myers.

Argued April 21, 1967. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Robert E. Gabriel,* for appellant.

*William H. Wolf, Jr.,* Assistant District Attorney,
with him *Paul R. Michel* and *Alan J. Davis,* Assistant
District Attorneys, *Richard A. Sprague,* First Assist-
ant District Attorney, and *Arlen Specter,* District At-
torney, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 26,
1967:

Appellant, Herman Rucker, was convicted of mur-
der in the first degree and sentenced to death. We af-

firmed that sentence on March 23, 1961; *Commonwealth v. Rucker,* 403 Pa. 262, 168 A. 2d 732 (1961), cert. den., 368 U.S. 868 (1961). Appellant then filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania, which was denied; *U. S. ex rel. Rucker v. Myers,* 200 F. Supp. 557 (1961), and that decision was affirmed at 311 F. 2d 311 (3d Cir., 1962). Rehearing was denied by the Third Circuit and, subsequently, certiorari was denied by the United States Supreme Court on June 17, 1963; 374 U.S. 844 (1963). Following this denial of certiorari, the appellant filed a petition for writ of habeas corpus with the Court of Common Pleas of Philadelphia County. A hearing was conducted by the court below and appellant's petition was dismissed. This appeal followed.

Appellant contends first, that "It is a violation of Petitioner's 14th Amendment rights for a Hearing Judge on a Writ of Habeas Corpus to fail to order a fair and reliable hearing to determine the voluntariness of an alleged coerced confession in disregard of the principles of Jackson v. Denno, 378 U.S. 368, 84 S. Ct. 1774.", and second, that "The standards for determining the voluntariness of a coerced confession once a Jackson vs. Denno type hearing is ordered, necessarily incorporate the principles of the Escobedo Doctrine even though the trial was held in 1958 and the Jackson vs. Denno request is not made until November, 1964."

The court below in its opinion stated: "While it would be in order for us to refer the case to the trial court for such determination, inasmuch as considerable testimony relating thereto was taken before us, we see no reason why this court should not determine such matter. Petitioner testified at length concerning the manner in which his incriminating statements were taken. We find no believable evidence on which a

finding of lack of free will, or the presence of coercion or force could be predicated in the obtaining of the statements. In this regard we find no fact based on which the jury could have given improper consideration to the question of voluntariness of the confession, and this we conclude from our own independent determination from the evidence before us.

"Accordingly, we dismiss the amended petition for a writ of habeas corpus."

Inasmuch as the 300 page record of the habeas corpus hearing in the court below is unavailable to us, we find it impossible to ascertain whether appellant's contentions are correct, and, accordingly, under the circumstances, we are not able to, nor do we, decide the questions presented to this court by appellant, but rather, remand the case to the court below for a new hearing. Without the record, we cannot determine whether appellant was entitled to a *Jackson v. Denno* hearing and, if so, whether that hearing could be held in conjunction with the habeas corpus hearing.

Order vacated and record remanded to the court below for a new hearing.