PIERCE, Judge.
This is an appeal by appellant Johnnie Lee Lewis from a judgment of conviction and sentence to State Prison after jury verdict finding him guilty of rape.
On March 15, 1968, indictment was returned by the grand jury into the Polk County Circuit Court charging Lewis with the offense of rape. On October 14-16, 1968, Lewis was tried upon said indictment, resulting in a jury verdict of conviction, whereupon, on December 19, 1968 he was adjudged guilty by the Court and sentenced to thirty years in the State Prison. Lewis appeals to this Court and urges as ground for reversal of the judgment the sole point that evidence at the trial on the element of force was insufficient to sustain the verdict. We find such contention without merit and affirm.
The prosecutrix, accompanied by a male companion, one Van H. Powell, Jr., went to a place on Buckeye Road in Polk County called the “camp site” where they got out of their car and built a bonfire and sat and talked. When they got ready to leave another car pulled up containing appellant Lewis and two other Negroes. The second car blocked the outlet of the prose-cutrix’s car whereupon the prosecutrix and Powell tried to drive off in another direction but came to a dead end on the road. They both got out and started running back into the woods. The prose-cutrix sprained her left ankle and thereupon the three colored males came up where she was lying on the ground. The trio first asked them if they had any money. The prosecutrix replied that she had left her pocketboolc in the car and they could have whatever money was in it if they would just leave her and her companion alone. They took $5 in cash from Powell, which was all he had. One of the trio asked her to kiss him and, being in dire fear of her life and Powell’s life, she finally did so. One of the trio had an axe and another had a gun, each of which was utilized freely by the trio to keep them under subjection. The prosecutrix was “paralyzed with fear.” She was forced to take off all her clothes except her panties, which they themselves took off. She was raped successively by all three Negroes, including Lewis. Two of them raped her twice each. During the first three rapes, once by each of the three Negroes, she kept yelling to her companion “Van, Van”. When she could get no answer she thought surely they had killed him. Finally they let her get up off the ground and walked her to where they had Van sitting down guarded by the gun. She said when she saw him “we ran to each other and we both started saying the Lord’s prayer together because we were both scared to death, afraid for our lives”. After that the first Negro who had raped her took her back and had relations again with her on the ground beside Van’s car. Then the second Negro who had raped her put her in the back seat of the car and had relations with her again. Appellant Lewis was the Negro who raped her only once but she stated “he was the roughest of all of them.” All three Negroes used the most vile and unprintable language and epithets imaginable through the entire gruesome ordeal, among other things calling her a “G— damn m- f-bitch”.
It is unnecessary to dwell further on the facts adduced at the trial. Suffice to say that every element of the offense of rape was abundantly proved by the sordid factual picture presented here by the record. The cases are legion where the appellate Courts of this State have upheld rape convictions upon much less testimony than shown here. See Askew v. State, Fla. 1960, 118 So.2d 219; Brooks v. State, Fla.1962, 146 So.2d 895; Thomas v. State, Fla.1964, 167 So.2d 309; Craig v. State, Fla.1964, 168 So.2d 747; Newman v. State, Fla.1967, 196 So.2d 897. The jury, by its verdict recommending mercy, was far more con *94 siderate and charitable to Lewis than he was to the prosecutrix.
The judgment of conviction is affirmed.
Affirmed.
LILES, A. C. J., concurs.
MANN, J., concurs in the result.