■ In the Matter of ALAN CLARK, Petitioner, v CANANDAIGUA CITY SCHOOL DISTRICT, Respondent.

All concur, except Doerr and Green, JJ., who dissent in part and concur in part in the following Memorandum.

Doerr and Green, JJ. (dissenting). Although we agree with the majority's conclusion that the school district's determination that petitioner engaged in misconduct is supported by substantial evidence, in our view, the penalty imposed—termination of petitioner's employment—is so grossly disproportionate to the offenses committed by petitioner as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233-234). Although petitioner credited another employee for having worked on two days when that employee was on sick leave, the evidence demonstrates that this error was the result of an ambiguous direction from petitioner's supervisor. Moreover, petitioner failed to use sick time when he went home early due to sickness on three occasions. However, petitioner testified that he had worked beyond his normal working hours many times and he felt that he was entitled to "comp time". There was no evidence to demonstrate that petitioner had not worked extra hours without compensation. In light of petitioner's otherwise unblemished 16-year record with the district and the rather trivial nature of the charges here, dismissal was too harsh a penalty (see, Matter of Harris v Mechanicville Cent. School Dist., 45 NY2d 279, 285; Matter of Mitthauer v Patterson, 8 NY2d 37, 42; Matter of Gross v Mariglio, 149 AD2d 922, 923). In our view, the penalty recommended by the Hearing Officer is appropriate under the circumstances presented here. (Article 78 Proceeding Transferred by Order of Supreme Court, Ontario County, Wesley, J.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.