■ In the Matter of EBER BROS. WINE & LIQUOR CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. In the Matter of ROCHESTER LIQUOR CORP., Petitioner, v NEW YORK STATE LIQUOR AUTHORITY, Respondent. [604 NYS2d 393] —Determinations unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: These consolidated proceedings transferred to our Court pursuant to CPLR 7804 (g) seek to annul determinations made by respondent New York State Liquor Authority (SLA) on the grounds that they are not supported by substantial evidence and that the penalties imposed were disproportionate to the offenses.

Petitioner Eber Bros. Wine & Liquor Corp. (Eber Bros.), a wholesale liquor dealer, was found by respondent to have violated (1) Alcoholic Beverage Control Law § 101 (1) (c) for rendering a gift or services to a retail licensee (Century Liquor) by stocking shelves, tagging bottles with prices, and unpacking boxes; (2) SLA rule 65.10 (9 NYCRR 65.10) for failing to deliver liquor to a retailer within the month for which the scheduled price set forth in the invoice was in

effect; and (3) Alcoholic Beverage Control Law § 104 (10) for failing to keep and maintain adequate and accurate books and records. A penalty was imposed of a $20,000 bond claim and a 30-day deferred suspension of its liquor license.

Petitioner Rochester Liquor Corp. (Rochester Liquor), another wholesale liquor dealer, was found to have (1) rendered a gift of services to a retail licensee (Century Liquor) by storing, free of charge, liquor previously purchased by Century Liquor; and (2) failed to deliver liquor to a retailer (Century Liquor) within the month for which the scheduled price set forth in the invoices was in effect. Respondent assessed a penalty for those violations of a $15,000 bond claim and a 25-day deferred suspension of its liquor license.

We conclude that there is substantial evidence in the record to support respondent's determinations *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). We agree, however, with petitioners that, in light of all the circumstances, the penalties imposed were excessive and so disproportionate to the offenses involved as to shock one's sense of fairness *(see generally, Pell v Board of Educ.,* 34 NY2d 222, 233-234; *Matter of Mitthauer v Patterson,* 8 NY2d 37). We vacate the penalties imposed, therefore, and remit the matter to respondent for imposition of appropriate penalties. Under the circumstances, we consider a $10,000 bond claim and 30-day deferred suspension of petitioner Eber Bros.' liquor license, and a $7,500 bond claim and 25-day deferred suspension of petitioner Rochester Liquor's license to be the most severe penalties that should be imposed *(see generally, Rob Tess Rest. Corp. v New York State Liq. Auth.,* 49 NY2d 874, 875-876; *Matter of Gross v Mariglio,* 149 AD2d 922, 923). (Article 78 Proceeding Transferred by Order of Supreme Court, Monroe County, Willis, J.) Present—Callahan, J. P., Balio, Lawton and Boomer, JJ.