■ In the Matter of RICHARD P. SCHERMERHORN, Petitioner, v ALBERT B. LEWIS, as Superintendent of Insurance of the State of New York, Respondent. — Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Superintendent of Insurance which revoked licenses issued by the State Department of Insurance to petitioner and denied all of petitioner's pending applications. In April, 1980, as a result of respondent's investigation of numerous complaints, petitioner, a licensed life insurance agent, was charged with six specifications of misconduct. These charges arose out of six transactions occurring between June, 1975 and May, 1977, in which new policies of life insurance or annuity policies were purchased by an existing policy holder or spouse. The specifications allege that special notice and record keeping requirements for such transactions, imposed by 11 NYCRR Part 51 (regulation 60), issued under the authority of section 127 of the Insurance Law, were not complied with. It was also charged that petitioner had demonstrated

untrustworthiness, dishonesty or fraud in inducing the clients in question to purchase insurance (see Insurance Law, § 117, subd 1, pars [c], [d]). Following a lengthy hearing, the hearing officer found petitioner guilty of all charges and recommended that petitioner's licenses be revoked. Respondent, in due course, adopted the hearing officer's report and recommendation. Petitioner's primary argument in this court is that respondent erroneously construed regulation 60. Specifically, petitioner asserts that regulation 60 is not applicable to: (1) a participating agent who is not the agent solely or primarily responsible for the sale; (2) a sale which replaces insurance owned by one spouse with new insurance owned by the other; and (3) a sale of an annuity replacing life insurance. The application of regulation 60 is not as limited as petitioner suggests. Rather, regulation 60 expressly applies when annuity policies are involved in the replacement transaction (11 NYCRR 51.3 [b]). The subject regulation also applies whenever a sale involves, as part of the transaction, replacement of existing life insurance (11 NYCRR 51.2 [b]) and provides that "[e]ach agent shall" comply with its notice and disclosure requirements (11 NYCRR 51.4). Accordingly, respondent's interpretation of regulation 60 is reasonable and should not be disturbed (*Matter of Howard v Wyman,* 28 NY2d 434, 438). Next, petitioner contends that the factual findings are inadequate to permit intelligent challenge or review in this court. Examination of the hearing officer's report, however, belies this contention. The findings and conclusion were full and complete and in no way prejudiced petitioner (*Matter of Kirsch v Board of Regents of Univ. of State of N. Y.,* 79 AD2d 823, 825, app dsmd 53 NY2d 795, mot for lv to app den 53 NY2d 602). Further, we note that the record contains substantial evidence to support the findings. The hearing officer at most was presented with issues of credibility, the determination of which is conclusive when, as here, it is supported by substantial evidence (*Matter of Di Maria [Ross],* 52 NY2d 771). Finally, the petitioner contends that the punishment of revocation is unduly harsh. However, considering the pattern of misconduct found in this case, the penalty imposed is not shocking to one's sense of fairness and, therefore, should not be disturbed (*Matter of Pell v Board of Educ.,* 34 NY2d 222). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.