■ In the Matter of DONALD L. SALVA, Petitioner, v BOARD OF REGENTS OF THE STATE OF NEW YORK, Respondent. — Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to subdivision 4 of section 6510-a of the Education Law) to review a determination of the Commissioner of Education which revoked petitioner's license and registration to practice medicine. Since sustaining head injuries in a 1959 automobile accident, petitioner has suffered from a manic-depressive illness known as bipolar defective disorder. When not properly treated with lithium, the illness caused bizarre and often violent behavior. Petitioner's medical history is replete with episodes of the disorder triggered by his refusal to regularly take his medication. Petitioner's tendency to become physically and verbally abusive during these periods led to the specific incidents of misconduct for which his license was revoked. These include a 1978 assault and battery conviction in Michigan for attacking a department store security guard, harassment and criminal trespass charges in New York for which he received psychiatric treatment, lewd comments about a five-year-old girl patient in the girl's presence, suggestive remarks to the girl's mother, obscene propositions yelled across a hospital parking lot to a passing nurse, and finally an attempt to run over the hospital's security guard with an automobile. The State Board for Professional Medical Conduct unanimously recommended revocation of petitioner's license on five distinct grounds under section 6509 of the Education Law — the conviction (subd [5], par [a], cl [iii]), the failure to report the conviction as required when registering to practice medicine in New York (subd [2]), the revocation of petitioner's Michigan medical license (subd [5], par [b]), the practice of medicine during these hypomanic episodes (subd [3]) and unprofessional conduct (subd [9]). The Regents Review Board and the Commissioner of Health urged that these findings be adopted by the Board of Regents. This recommendation was accepted and the revocation order made. Clearly, the order is supported by substantial evidence. Furthermore, in light of petitioner's propensity to deviate from his medication schedule and the absence of any concrete assurance that violent episodes will not recur, the board did not abuse its discretion in ordering revocation (see *Matter of Kirsch v Board of Regents of Univ. of State of N. Y.,* 79 AD2d 823). Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.