■ In the Matter of WILLIAM N. MESHEL, Petitioner, v BOARD OF REGENTS OF THE UNIVERSITY OF THE STATE OF NEW YORK et al., Respondents. — Casey, J.

After hearings conducted pursuant to Education Law § 6510, petitioner was found guilty of practicing the profession of medicine while his ability to practice was impaired by drugs and mental disability. As a result, petitioner's license to practice medicine was revoked and this proceeding to review that determination ensued.

Petitioner does not challenge the factual findings which serve as the basis for respondents' conclusion that he was guilty of practicing the profession of medicine while his ability to practice was impaired by drugs and mental disability. Rather, the main thrust of petitioner's argument is directed to the severity of the penalty of revocation of his license. He contends that the record does not show that he actually endangered any of his patients

and that, despite his mental condition and abuse of amphetamines, a period of probation, as recommended by the Regents Review Committee, was the appropriate penalty.

The hearing panel's findings include numerous incidents that reveal the nature and depth of petitioner's psychiatric and drug abuse problems. The panel also found, however, that "[t]here never has been any question of [petitioner's] medical ability or his care and treatment of his patients". Nevertheless, the panel concluded "based on [petitioner's] long psychiatric history, repeated episodes of drug abuse, and his less than candid testimony, that [petitioner] has no real insight into the magnitude of his problems, nor does he appreciate the necessity of intensive, extended psychiatric treatment". Thus, the panel recommended that petitioner's license to practice medicine be revoked. The Regents Review Committee agreed with the hearing panel's findings, but recommended that petitioner's license be suspended for three years, with execution of the suspension stayed and petitioner placed on probation for three years subject to certain conditions. Respondent Board of Regents, however, adopted the penalty of revocation recommended by the hearing panel as well as the panel's findings.

Whether the penalty recommended by the Regents Review Committee might, under the circumstances, be a more appropriate penalty than that imposed by respondents is not a relevant consideration in this proceeding, for our scope of review is limited to determining whether the punishment imposed is " ' "so disproportionate to the offense, in light of all of the circumstances, as to be shocking to one's sense of fairness" ' " (*Matter of Pell v Board of Educ.*, 34 NY2d 222, 233). Revocation is a harsh penalty, but in light of the findings as to the severity of petitioner's psychiatric and drug problems, the need for intensive and extended treatment and petitioner's apparent lack of insight into his problems, we cannot say that the punishment is so disproportionate to the offense as to be shocking to one's sense of fairness, particularly when respondents' duty to protect the public is taken into account (*see, Matter of Salva v Board of Regents*, 92 AD2d 953; *Matter of Kirsch v Board of Regents*, 79 AD2d 823, *appeal dismissed* 53 NY2d 795). As pointed out by the Attorney-General, respondents' order does not preclude restoration or reinstatement of petitioner's license (Education Law § 6511) upon proper proof (8 NYCRR 24.1 [c]).

Petitioner also contends that the hearing panel erred in admitting the testimony of his stepfather as rebuttal evidence, since that testimony was outside the scope of the charges. It is clear from the record, however, that this testimony played no

part in respondents' findings as to petitioner's guilt of practicing medicine while his ability to practice was impaired by drugs and mental disability, as charged. The testimony also had no bearing on the penalty. The determination should, therefore, be confirmed.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.