■ In the Matter of A. HAMID ALIZADEH, Petitioner, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents.—Mikoll, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Education Law § 6510-a [4]) to review a determination of respondent Commissioner of Education which revoked petitioner's license to practice medicine in New York State.

Petitioner, a licensed physician specializing in obstetrics and gynecology, was found (1) to have practiced medicine with negligence and gross negligence in 11 instances in violation of Education Law § 6509 (2), and (2) to have engaged in unprofessional conduct, including the failure to maintain accurate patient records, in 12 instances. The hearing committee of the State Board for Professional Medical Conduct found that, *inter alia,* petitioner had performed abortions on several patients without having the results of necessary laboratory tests; that

petitioner had performed abortions on two women who were not pregnant; and that petitioner performed abortions on patients who had negative Rh factors without requiring that they be administered medication necessary to prevent possible complications in future pregnancies. The findings were accepted in full by respondent Commissioner of Health, the Regents Review Committee, respondent Board of Regents and, finally, respondent Commissioner of Education, who issued an order revoking petitioner's license to practice medicine.

The issues before us are whether (1) the Commissioner's determination was based on substantial evidence, (2) the hearing committee's procedure comported with the requirements of due process, and (3) the revocation of petitioner's license was an abuse of discretion.

We conclude that the Commissioner's determination was based on substantial evidence and should be confirmed. The basis of the determination was largely circumstantial. It consisted of the patient records seized from petitioner's office. The explanations offered by petitioner and witnesses called on his behalf in contradiction of the allegations raised by these records were subject to a credibility assessment by the Board of Regents. It was within the province of the Board to make an adverse determination. Petitioner's defense was not predicated on any specific personal recollection of the instant cases, but rather on petitioner's contention that he undeviatingly followed a certain mode of procedure which involved the required tests and treatments. We cannot say that the Board erred in discounting petitioner's explanations. Clearly, petitioner's record keeping was extremely deficient. In several instances petitioner's explanations, that his backup in-house laboratory performed the required preabortion testing, were implausible in light of the time sequence between admission of a patient to the clinic and the performance of the abortion.

Petitioner's contention that the administrative hearing was affected by numerous errors denying him due process should be rejected. The administrative hearing in the case at bar is not subject to strict application of the rules of evidence (see, Public Health Law § 230 [10] [f]; *Matter of Cole v New York State Dept. of Educ.*, 94 AD2d 904, 905, *lv denied* 60 NY2d 556). We find that the deviations cited by petitioner are minimal and did not violate due process. We also find without merit petitioner's claim that the hearing committee was not impartial. The mystification registered by the panel at petitioner's explanations and its pursuit of further clarification from him are not evidence of lack of impartiality, but rather

reflect an appropriate response to petitioner's lack of record documentation on crucial aspects of abortion procedures combined with the lack of suitable explanation for these deficiencies.

Petitioner asserts that the penalty of revocation of his license is disproportionate to his wrongdoing. The imposition of penalty is primarily the function of the Board (see, Education Law § 6510-a [2]) and, if the penalty is not disproportionate to the offense in light of all the circumstances as to be shocking to one's sense of fairness, it will not be disturbed (see, Matter of Meshel v Board of Regents, 110 AD2d 976, 977, lv denied 65 NY2d 608). In view of the findings of serious professional misconduct and based on the hearing committee's conclusion that his continued practice of medicine would be a danger to his patients, we cannot say under these circumstances that the penalty imposed was arbitrary or shocking.

We find no merit in the other points raised by petitioner.

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.