■ In the Matter of Roger P. Tarter, Petitioner, v Thomas Sobol, as Commissioner of Education of the State of New York, et al., Respondents. (And Another Related Proceeding.) —Mercure, J. Proceedings pursuant to CPLR article 78 (initiated in this Court pursuant to Education Law former § 6510-a [4]) to review two determinations of respondent Commissioner of Education which, inter alia, revoked petitioner's license to practice medicine in New York.

Petitioner commenced separate CPLR article 78 proceedings to challenge determinations (1) revoking petitioner's license to practice medicine upon findings that petitioner practiced the profession while impaired by drugs and alcohol (Education Law § 6509 [3]) and engaged in unprofessional conduct by being habitually drunk or dependent on narcotics, barbiturates, amphetamines or hallucinogens (Education Law § 6509 [4]), and (2) denying petitioner's application for reconsideration and a new hearing (8 NYCRR 3.3 [f]).

Initially, we reject the contention that petitioner was deprived of due process by virtue of the fact that he never received a copy of the statement of charges and notice of hearing. The record amply supports the determination of the Regents Review Committee that the Department of Health initially attempted to serve petitioner personally on June 28, 1989 at the Brooklyn address provided by petitioner on his then current registration statement; that on June 30, July 1 and July 6, 1989, further attempts were made to effect personal service at an apartment in the City of Yonkers, Westchester County, confirmed by investigation to be petitioner's residence; and, these attempts failing, that the statement of charges and notice of hearing were then sent to petitioner by certified mail directed to his last known residence address. In our view, due diligence was exercised in attempting personal service, as required by Public Health Law § 230 (10) (d).

Further, considering that petitioner's failure to receive the statement of charges and notice of hearing was caused by his own noncompliance with the requirement of Education Law § 6502 (5) and the terms of his probation that the Department of Education be promptly advised of any changes in his mailing address, we perceive no denial of due process (see, Matter of Stern v Ambach, 128 AD2d 232, 235-236, appeals dismissed 70 NY2d 797, 74 NY2d 714).

We also reject petitioner's attack on the sufficiency of the evidence of his guilt of practicing medicine while under the influence of drugs and unprofessional conduct for being a habitual user of drugs and alcohol. The evidence adduced at the hearing showed that on May 3, 1988, petitioner fainted while treating a patient and was transported to a hospital emergency room. The ambulance report indicated that petitioner was incoherent and irrational and suffered from "altered mental status". Additionally, petitioner's son gave hospital personnel a history of prior drug addiction and indicated that petitioner had recently suffered a relapse, and a toxicology screen performed on urine and blood samples indicated the presence of cocaine and other chemicals in petitioner's system. In October 1988, petitioner entered a recovery program with a diagnosis of mixed drug and alcohol dependency but was required to leave treatment approximately two months later because of his attempts to influence other patients to abuse alcohol during treatment. We conclude that respondents' determination of petitioner's guilt by a preponderance of the evidence is fully supported by substantial evidence in the record (see, Matter of Carrera v Sobol, 163 AD2d 706, 708, affd 77 NY2d 931).

Finally, given the serious nature of petitioner's misconduct, his prior disciplinary record and his demonstrated unwillingness to accept treatment for his drug and alcohol dependency, we find no error in the determination to revoke petitioner's license to practice medicine (see, Matter of Meshel v Board of Regents, 110 AD2d 976, 977, lv denied 65 NY2d 608).

Mikoll, J. P., Yesawich Jr., Crew III and Casey, JJ., concur. Adjudged that the determinations are confirmed, without costs, and petitions dismissed.