■ In the Matter of Christopher Reinhard, Petitioner, v City of New York et al., Respondents. [825 NYS2d 44]—

Determination of respondent Fire Commissioner, dated October 26, 2004, terminating petitioner firefighter for illegal drug use, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Michael Stallman, J.], entered December 28, 2005) dismissed, without costs.

We reject petitioner's argument that he was denied due process when the disciplinary hearing was conducted in his absence. Visiting petitioner's home address, the only one on file with the Fire Department, three times over the course of two days, affixing the letter of notice to the door, mailing the letter by both certified and first-class mail, and sending copies of the letter to both an attorney who purported to represent petitioner and petitioner's union representative were, under the circumstances, reasonably calculated to apprise petitioner of the upcoming hearing (*see Matter of Harner v County of Tioga*, 5 NY3d 136, 140 [2005]). We are not persuaded otherwise by any knowledge on the part of the Fire Department's Counseling Service Unit (CSU) that petitioner had been admitted to an inpatient treatment program and was not residing at home at the time of service. Given that CSU's sessions are generally confidential, it would be unreasonable to expect the Fire Department's Bureau of Investigations and Trials, responsible for disciplinary proceedings, to contact CSU on the off chance that petitioner had met with them, sought treatment, and waived his right to confidentiality. In any event, it is undisputed that petitioner did not leave a forwarding address when he entered the inpatient treatment, and he clearly was aware that disciplinary action was almost certain to follow his positive test result and subsequent suspension, since, as a matter of Fire Department policy, the penalty for illegal drug use is termination. Further, on the date of his suspension, according to CSU records, petitioner was "distraught" that his career might be terminated. He listed his home address on his retirement application, which was submitted six days after his suspension and four days after he entered the treatment program, and served to accelerate the disciplinary process. Thus, it was unreasonable for petitioner not to leave a forwarding address when disciplinary action was certain to commence almost immediately in order to take effect before

his retirement vested (*cf. Harner*, 5 NY3d at 141; *Matter of Tarter v Sobol*, 189 AD2d 916, 917 [1993]). In addition, although petitioner claims otherwise, the record demonstrates that an attorney purported to act on his behalf at all significant stages of the disciplinary process, submitting a letter to the Fire Department before the hearing seeking a retest of petitioner's urine sample, making a motion for an adjournment of the hearing on the same ground petitioner now advances, i.e., that notice of the hearing was insufficient, and cross-examining the Fire Department's witnesses. The penalty of termination is specifically mandated by the Fire Department's substance abuse policy and does not shock the conscience. We have considered and rejected petitioner's other arguments. Concur—Buckley, P.J., Tom, Mazzarelli, Williams and McGuire, JJ.