■ In the Matter of CHRISTINE SEQUIST, Respondent, v COUNTY OF PUTNAM et al., Appellants. [836 NYS2d 287]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of Robert J. Bondi, as County Executive of Putnam County, dated May 27, 2005, as rejected the recommendation of a hearing officer dated May 9, 2005, that the petitioner be suspended from her employment as a bus driver for a period of 30 days, made after a hearing, and terminated the petitioner's employment as a bus driver, the appeal is from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated September 21, 2005, which granted the petition, annulled so much of the determination as rejected the recommendation of the hearing officer that the petitioner be suspended

from her employment as a bus driver for a period of 30 days and terminated the petitioner's employment as a bus driver, and directed reinstatement of the petitioner to her former position as a bus driver.

Ordered that the judgment is affirmed, with costs.

Under the circumstances presented here, the penalty of termination of the petitioner's employment was so disproportionate to the offense committed as to be shocking to one's sense of fairness (*see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222 [1974]). The petitioner had 14 years of exemplary service as an employee of the County of Putnam with no prior disciplinary problems, and she expressed remorse for her misconduct (*see Matter of Senior v Board of Educ. of Byram Hills Cent. School Dist.*, 37 AD3d 610 [2007]; *Matter of Schnaars v Copiague Union Free School Dist.*, 275 AD2d 462 [2000]). Accordingly, the Supreme Court properly granted the petition, annulled so much of the determination as rejected the recommendation of the hearing officer that the petitioner be suspended from her employment as a bus driver for a period of 30 days and terminated the petitioner's employment, and directed reinstatement of the petitioner to her former position of employment. Mastro, J.P., Santucci, Krausman and Carni, JJ., concur.