*476 Proceeding pursuant to CPLR article 78 to review a determination of the respondent Fire Commissioner of the City of New York, dated January 2, 2007, which, after a hearing, affirmed a determination of an administrative law judge dated June 9, 2006 that the petitioner was guilty of three charges of misconduct, and terminated his employment as a firefighter with the Fire Department of the City of New York.
Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The determination that the petitioner knowingly ingested cocaine while employed by the Fire Department of the City of New York (hereinafter the Fire Department) is supported by substantial evidence and therefore may not be set aside (see CPLR 7803 [4]; Matter of McGovern v Safir, 266 AD2d 107 [1999]; Matter of Murolo v Safir, 246 AD2d 653 [1998]). In light of the fact that the petitioner tested positive for cocaine during a drug test administered by the Fire Department and subsequently, during an administrative hearing, admitted to using cocaine on several occasions while employed by the Fire Department, the penalty of dismissal was not so disproportionate to the offenses as to be shocking to one’s sense of fairness, despite evidence that the petitioner suffered from posttraumatic stress disorder (see Trotta v Ward, 77 NY2d 827, 828 [1991]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of Longo v Dolce, 192 AD2d 157, 161 [1993]; see also Matter of Reinhard v City of New York, 34 AD3d 376, 378 [2006]).
The petitioner’s remaining contention is without merit. Spolzino, J.P, Ritter, Santucci and Garni, JJ., concur.