OPINION OF THE COURT
Austin, J.
In this proceeding we are asked to determine whether, under the particular circumstances of this case, the penalty of termination of the petitioner’s employment as a firefighter is so disproportionate to the offense as to be shocking to one’s sense of fairness, thus constituting an abuse of discretion.[1] Because we conclude, as a matter of law, that the penalty of termination is shocking to the judicial conscience, we set aside that penalty and remit the matter to the respondents for the imposition of the lesser penalty allowing the petitioner to retire as of the date of the petitioner’s termination, June 27, 2008, and fining the petitioner the sum of $80,000.
The petitioner is a 25-year member of the Fire Department of the City of New York (hereinafter the Department). After a positive random drug test confirmed the presence of cocaine in the petitioner’s system, a “Step-1” conference was held to review the charges for violation of regulations brought against the petitioner by the Department. Following that conference, a deputy assistant chief of the Department recommended that, although he found the petitioner guilty of all charges, due to “extenuating circumstances,” the petitioner should be allowed to resign in addition to being fined the sum of $80,000, representing approximately one year’s salary. The extenuating circumstances identified by the deputy assistant chief consisted of the petitioner’s lengthy service to the Department without any previous disciplinary problems and the severe hardship that termination would impose upon the petitioner and his family since it would include forfeiture of the petitioner’s pension benefits.
*340 Thereafter, the Department submitted the matter to an administrative law judge for an OATH (Office of Administrative Trials and Hearings) hearing. At the OATH hearing, numerous witnesses testified on behalf, of the petitioner attesting to his good character, devotion to the Department, and lack of prior drug usage, which was confirmed by prior negative drug test results. Moreover, the petitioner testified that he was the sole wage earner for his family and that the loss of his pension and medical coverage would impose a severe hardship on his family. Notwithstanding the foregoing mitigating testimony, the administrative law judge determined that the only available appropriate penalty pursuant to Administrative. Code of the City of New York § 15-113 was termination of the petitioner’s employment, which he recommended. In a determination dated June 23, 2008, the Commissioner of the Fire Department of the City of New York (hereinafter the Commissioner) adopted the administrative law judge’s recommendation and findings, and terminated the petitioner’s employment.
As a result of his termination of employment, the petitioner forfeited his pension, which was valued at approximately $2,000,000, and retirement benefits, which included health insurance coverage.
Prior to the Department’s issuance of the charges of violation of regulations to the petitioner, the Department had promulgated All Units Circular (hereinafter AUC) 202 which set forth its “zero-tolerance” policy with regard to the use and possession of, inter alia, illegal drugs, which indisputably included cocaine. Section 4.1 of AUC 202 prohibited the use of any illegal drug while on or off duty.
AUC 202 § 8.3 permits termination of a member of the Department with a finding of guilt on a first offense. However, section 8.3 is not an absolute policy. AUC 202 § 8, entitled “Guidelines for Violation of this Policy,” provides, “[tjhese guidelines are designed to cover the most common infractions, but there may be cases that do not fit precisely within them. The Department reserves the right to depart from these guidelines as the exacerbating or extenuating circumstances of each individual case require” (parenthetical omitted).
The power of the Commissioner to discipline members of the Department, as set forth in Administrative Code of the City of *341 New York § 15-113,[2] is reviewable under CPLR article 78. Pursuant to CPLR 7803 (3), this Court is empowered to determine whether the penalty of termination of the petitioner was arbitrary and capricious as a matter of law such that there was an abuse of discretion (see Matter of Pell v Board, of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 235 [1974]; see also Matter of Harp v New York City Police Dept., 96 NY2d 892, 894 [2001]; Matter of Kelly v Safir, 96 NY2d 32, 38 [2001]).
“There is no doubt that the reason for the enactment of the statute (CPLR 7803) was to make it possible, where warranted, to ameliorate harsh impositions of sanctions by administrative agencies. That purpose should be fulfilled by the courts not only as a matter of legislative intention, but also in order to accomplish what a sense of justice would dictate” (Matter of Pell, 34 NY2d at 235).
While due deference must be given to a determination of the Department (see Matter of Harp, 96 NY2d at 894; Matter of Kelly v Safir, 96 NY2d at 38), a court cannot operate merely as a rubber stamp of the administrative determination “if the measure of punishment or discipline imposed is so disproportionate to the offense, in the light of all the circumstances, as to be shocking to one’s sense of fairness” (Matter of Pell, 34 NY2d at 233 [internal quotation marks omitted]; see also Matter of Kelly v Safir, 96 NY2d at 38). Thus, where the administrative sanction shocks one’s sense of fairness and, thereby, as a matter of law, constitutes an abuse of discretion, this Court is authorized to set aside such a determination by the administrative agency (see Matter of Kelly v Safir, 96 NY2d 32 [2001]; Matter of Featherstone v Franco, 95 NY2d 550 [2000]; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222 [1974]; Matter of Bovino v Scott, 22 NY2d 214, 216 [1968]).
The Department’s “zero-tolerance” policy, no matter how laudable in purpose, does not distinguish between junior members of the Department and those who have served the Department well past the time that he or she could have retired, *342 like the petitioner herein. The inflexibility of the application of AUC 202 § 8.3 to the petitioner is contrary to the analysis set forth by the Court of Appeals in Matter of Pell, which considered such factors as an employee’s length of employment, the probability that a dismissal will leave the employee without any alternative livelihood, the employee’s loss of retirement benefits, and the effect upon the employee’s innocent family in cases where there is an absence of grave moral turpitude and grave injury to the agency involved or to the public weal (see Matter of Pell, 34 NY2d at 235). Likewise, AUC 202 § 8 authorizes departure from the guidelines under “extenuating circumstances.” The term “extenuating circumstances” is not defined in AUC 202. Accordingly, we apply the standard enunciated in Matter of Pell and its progeny (see Matter of Sequist v County of Putnam, 40 AD3d 1003 [2007] [Pell factors applied in annulling the termination of employment of school bus driver found guilty of single drug infraction]).
The testimony at the hearing was undisputed that this was the first and only time that the petitioner had tested positive for an illegal drug; to wit, cocaine. Several times prior to and after the positive test, the petitioner tested negative, unlike in other cases where this Court had upheld the termination of firefighters due to positive drug tests (see e.g. Matter of Kelly v Scoppetta, 56 AD3d 475 [2008] [termination of a member of the Department who admitted to regular use of cocaine was confirmed by this Court]).
Here, due to the termination of his employment, the petitioner and his family will suffer the consequence of losing his pension and retirement benefits the petitioner earned during his 25 years of dedicated service to the Department. The loss of those pension benefits, valued at approximately $2,000,000, is particularly shocking in this context because the petitioner chose to continue as a member of the Department even after he was eligible for full retirement benefits after 20 years of service. The testimony is uncontroverted that the petitioner was the sole wage earner of his family and that the loss of his benefits would be financially devastating. Moreover, it is also undisputed that the petitioner was an exemplary member of the Department, considered to be a mentor and role model within his firehouse.
This Court recognizes that the petitioner committed a serious infraction which militates against his continued employment as a firefighter. However, this incident was isolated. When coupled *343 with the significant loss of benefits, termination of the petitioner’s employment so that he forfeits all of his retirement benefits cannot be sustained. Indeed, we have held that the dismissal of a long-term employee with an unblemished record following a singular positive drug test to be so shocking to our sense of fairness that annulment of the administrative agency’s determination and the imposition of a lesser penalty was required (see Matter of Sequist v County of Putnam, 40 AD3d 1003 [2007]).
Although we find that the penalty of termination of the petitioner’s employment must be annulled, the petitioner’s continued employment with the Department in this case is inappropriate. In such circumstance, we are authorized to impose a sanction which we deem to be appropriate (see Matter of Mitthauer v Patterson, 8 NY2d 37, 42-43 [1960]; Matter of Lo Bello v McLaughlin, 39 AD2d 404, 408 [1972], affd 33 NY2d 755 [1973]).[3] Accordingly, so much of the determination of the Commissioner as imposed the penalty of termination of the petitioner’s employment should be annulled, and the petitioner should be allowed to retire and be fined in the sum of $80,000, as recommended by the Department’s deputy assistant chief following the Step-1 conference.
Our determination here should do no violence to the line of cases which sustain the termination of firefighters who are found to have used illegal drugs (see e.g. Matter of Kirk v City of New York, 47 AD3d 406 [2008]; Matter of Reinhard v City of New York, 34 AD3d 376 [2006]). Rather, we address only the unduly disproportionate financial consequences of termination of his employment on this petitioner and his family and the circumstances of his otherwise unblemished career.
Therefore, it is adjudged that the petition is granted insofar as reviewed, on the law, to the extent that so much of the determination as imposed a penalty of termination of the petitioner’s employment is annulled and the matter is remitted to the *344 respondents for the imposition of the lesser penalty allowing the petitioner to retire as of June 27, 2008, and fining the petitioner the sum of $80,000.
Mastro, J.E, Fisher and Belen, JJ., concur.
Adjudged that the petition is granted insofar as reviewed, on the law, with costs, to the extent that so much of the determination as imposed a penalty of termination of the petitioner’s employment is annulled and the matter is remitted to the respondents for the imposition of the lesser penalty allowing the petitioner to retire as of June 27, 2008, and fining the petitioner the sum of $80,000.

. While the petitioner asserts in the first cause of action of his petition that the determination of the respondent Commissioner of the Fire Department of the City of New York that he was guilty of the disciplinary charges brought against him by the Fire Department of the City of New York related to testing positive for cocaine was not supported by substantial evidence, in his brief, the petitioner solely contests the severity of the penalty of termination imposed by the Commissioner of the Fire Department of the City of New York.

. Under Administrative Code of the City of New York § 15-113, the Commissioner has the power to punish an offending member of the Department “by reprimand, forfeiture and withholding of pay for a specified time, or dismissal from the force; but not more than ten days’ pay shall be forfeited and withheld for any offense.”

. Remittal to the Department for the imposition of an appropriate penalty as set forth herein is consistent with Rob Tess Rest. Corp. v New York State Liq. Auth. (49 NY2d 874 [1980]) and Matter of Mitthauer v Patterson (8 NY2d 37 [I960]). The Mitthauer court found that “[i]n appropriate cases, which will probably be few, the reviewing court can order a lesser discipline, much as it does in criminal cases” (Matter of Mitthauer v Patterson, 8 NY2d at 42), which may include punishments not set forth in the applicable law (id. at 42-43). Since the available sanctions under Administrative Code of the City of New York § 15-113 are extremely limited and offer no acceptable option, we find that this case falls within the exception enunciated in Mitthauer.