12-1739-cv
Maresca v. City of New York et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand thirteen.

PRESENT:
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> SUSAN L. CARNEY,
> *Circuit Judges.*

_____

JOSEPH MARESCA,

> *Plaintiff-Appellant*,

v.                                                                    12-1739-cv

CITY OF NEW YORK, NEW YORK CITY
FIRE DEPARTMENT,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        Leonard Zack, Leonard Zack & Associates, New York, N.Y.

FOR DEFENDANTS-APPELLEES:        Diana Lawless and Larry A. Sonnenshein, of counsel, *for* Michael A. Cardozo, Corporation Counsel of the City of New York, New York, N.Y.

Appeal from the judgment of the United States District Court for the Eastern District of New York (Sterling Johnson, Jr., *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Following his termination from the New York City Fire Department ("FDNY"), plaintiff Joseph Maresca commenced this action against defendants, the City of New York and the FDNY, claiming unlawful discrimination under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; New York State Executive Law §§ 296 and 297; and New York City Administrative Code § 8-107. Maresca now appeals from the district court's award of summary judgment in favor of defendants on all claims. We review the grant of summary judgment de novo, resolving all ambiguities and drawing all reasonable inferences in Maresca's favor. See Townsend v. Benjamin Enters., Inc., 679 F.3d 41, 47 (2d Cir. 2012). We must affirm the district court order if there is no genuine dispute as to any material fact and defendants are entitled to judgment as a matter of law. See Miller v. Wolpoff & Abramson, L.L.P., 321 F.3d 292, 300 (2d Cir. 2003). We assume the parties' familiarity with the underlying facts and procedural history.

Maresca argues that the district court erred in awarding summary judgment because the record establishes a *prima facie* case of discrimination based on a disability, and the defendants' proffered reason for terminating him was pretextual. We assume arguendo that Maresca has established a *prima facie* case of discrimination, but nonetheless affirm the award of summary judgment because the record establishes as a matter of law that Maresca was discharged for a nondiscriminatory reason that no rational factfinder could conclude was pretextual. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 221 (2d Cir. 2004) ("[I]f the plaintiff has failed to

2

show that there is evidence that would permit a rational factfinder to infer that the employer's proffered rationale is pretext, summary judgment dismissing the claim is appropriate.").

Maresca admits both that he tested positive for use of cocaine, and that the FDNY has in place a "zero-tolerance" policy that imposes the penalty of termination for FDNY personnel who test positive for use of illegal substances. Maresca further concedes that the FDNY explicitly relied on its zero-tolerance policy when it terminated his employment. Identification of this policy satisfies the defendants' burden "to articulate some legitimate, nondiscriminatory reason," McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973), for Maresca's discharge. See Raytheon Co. v. Hernandez, 540 U.S. 44, 53-55 (2003) (application of a neutral, generally applicable policy not to employ individuals who have violated workplace rules is nondiscriminatory). Thus, the only question before the court is whether there is sufficient evidence from which a jury could conclude that application of the zero-tolerance policy was, as Maresca asserts, a pretext for discharging him because of his post-traumatic stress disorder ("PTSD"). See Holt v. KMI-Cont'l, Inc., 95 F.3d 123, 129 (2d Cir. 1996) ("In order to survive a motion for summary judgment, . . . plaintiff must put forth adequate evidence to support a rational finding that the legitimate non-discriminatory reasons proffered by the employer were false, and that more likely than not the employee's [protected characteristic] was the real reason for the discharge.").

In support of his theory that he was in fact terminated because of his PTSD, Maresca argues that the zero-tolerance policy is not absolute, and he cites evidence that not every FDNY employee who has tested positive for illegal substances has been discharged. In particular, Maresca asserts that one firefighter who tested positive for marijuana in May 2005 was allowed

3

to resign with pension and other benefits, as was another who tested positive for cocaine in 2004. However, Maresca admits that these events occurred before the FDNY revised its drug use policy in October 2005 to adopt "a more hardline stance." (Appellant's Br. 5 (internal quotation marks omitted).)

Maresca also cites the facts of McDougall v. Scoppetta, 905 N.Y.S.2d 262 (2d Dep't 2010), as evidence that the FDNY has allowed at least one firefighter, Thomas McDougall, to retire after testing positive for cocaine use even under the more stringent drug policy. But McDougall was, like Maresca, discharged by the FDNY upon testing positive for cocaine; he was permitted to retire only after the Appellate Division determined that his termination was "so disproportionate to the offense as to be shocking to one's sense of fairness, thus constituting an abuse of discretion." Id. at 263. Moreover, Maresca and McDougall are not similarly situated. See Summa v. Hofstra Univ., --- F.3d ---, No. 11-1743, 2013 WL 627710, at *12 (2d Cir. Feb. 21, 2013) ("[E]vidence of disparate treatment of similarly situated individuals allows for the conclusion that the reasons advanced by an employer . . . [for taking an adverse employment action] are pretextual."). McDougall was a 25-year veteran of the FDNY "who ha[d] served the Department well past the time that he . . . could have retired." McDougall, 905 N.Y.S.2d at 265. In contrast, in an Article 78 proceeding initiated by Maresca, the New York Supreme Court concluded that his termination, unlike McDougall's, was *not* "so disproportionate to the offense as to be shocking to one's sense of fairness," and therefore did not reflect an abuse of discretion. (J. App'x 106.) New York principles of collateral estoppel prevent Maresca from contesting that determination here. See Genova v. Town of Southampton, 776 F.2d 1560, 1561 (2d Cir. 1985).

4

Finally, Maresca asserts for the first time on appeal that substance abuse is a disability under the ADA, and therefore defendants violated federal law even if he was terminated because of the FDNY's zero-tolerance policy. Maresca has forfeited this argument because he did not present it below. See Virgilio v. City of New York, 407 F.3d 105, 116 (2d Cir. 2005) ("In general we refrain from passing on issues not raised below." (internal quotation marks omitted)). In any event, the ADA does not prohibit the dismissal of employees for the present use of illegal drugs. See 42 U.S.C. § 12114(a) ("'[A] qualified individual with a disability . . .' shall not include any employee or applicant who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use."). To the extent Maresca now argues that he was rehabilitated at the time of his termination and safely able to perform his duties as a firefighter despite his drug use, see D'Amico v. City of New York, 132 F.3d 145, 150 (1998) (an employer may not take adverse employment action against an employee on the basis of past substance abuse if he has overcome abuse and is otherwise qualified for the position); Teahan v. Metro-North Commuter R.R. Co., 951 F.2d 511, 520 (2d Cir. 1991) (to justify termination employee's substance abuse problem must be "severe and recent enough so that the employer is justified in believing that the employee is unable to perform the essential duties of his job"), we decline to address this heavily fact-dependant question on an inadequately developed record.

In sum, as much as we agree with the district court's eloquent concluding expression of compassion for the plaintiff, we also agree with its determination that defendants were entitled to an award of summary judgment. We therefore **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

5